[16 NYS3d 750]

In the Matter of Dov BARRY WENGER (Admitted as Dov B. WENGER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 23, 2015

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated February 4, 2015, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i) based upon his failure to cooperate with the lawful demands of the Grievance Committee for the Ninth Judicial District in an investigation of a complaint of professional misconduct. Further, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon a verified petition dated June 16, 2014. That petition, which was personally served upon the respondent on July 3, 2014, contains 18 charges alleging, among other things, that the respondent is guilty of misappropriating funds entrusted to him as a fiduciary, commingling business and/or personal funds with funds entrusted to him as a fiduciary, failing to maintain and make available bookkeeping records for his attorney IOLA account, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, engaging in conduct adversely reflecting on his fitness as a lawyer by failing to cooperate with the Grievance Committee, and breaching his duty to a former client by representing another client in a substantially related matter that was adverse to his former client.

The respondent was directed to serve and file an answer to the verified petition dated June 16, 2014, within 20 days after service upon him of the decision and order on motion dated February 4, 2015, and the issues raised by the verified petition, and any answer thereto, were referred to the Honorable Jerome Becker, as Special Referee, to hear and report.

On February 23, 2015, the Grievance Committee served a copy of this Court's decision and order on motion dated February 4, 2015 upon the respondent, and an affidavit of service was duly filed on March 2, 2015. Upon the respondent's request, the Court granted him an extension until April 15, 2015 to file an answer. Notwithstanding being afforded a further extension by the Court until May 5, 2015, to date, the respondent has failed to serve and file an answer to the verified petition dated June 16, 2014, as directed.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although the motion papers were served upon

the respondent on May 12, 2015, he has neither opposed the instant motion, nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition dated June 16, 2014 are deemed established and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Dov Barry Wenger, admitted as Dov B. Wenger, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Dov Barry Wenger, admitted as Dov B. Wenger, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Dov Barry Wenger, admitted as Dov B. Wenger, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Dov Barry Wenger, admitted as Dov B. Wenger has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).